# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

___

| | |
|---|---|
| DARRYL FARMER, individually and, as Executive Director of the ORIGINAL BLACK PANTHERS, and WALTER GARRON, individually and as Executive Director of the BROWN BERETS, | **FEDERAL COMPLAINT WITH JURY DEMAND** |
| Plaintiffs, | Case Number: 2:21CV |
| v. | Hon. |
| CAVALIER JOHNSON, Common Council President and 7th District Alderman for the City of Milwaukee, individually, and the CITY OF MILWAUKEE, a municipal corporation, and JANE DOE, individually and as a police officer for the City of Milwaukee, and JIM ROE, individually and as a police officer for the City of Milwaukee, | |
| Defendants. | |

___

NOW COME the above-named Plaintiffs, DARRYL FARMER, individually and as Executive Director of the ORIGINAL BLACK PANTHERS (hereinafter "FARMER") and WALTER GARRON, individually and as Executive Director of the BROWN BERETS (hereinafter "GARRON"), by their attorney, Walter W. Stern III, and for claims against the above-named Defendants, alleges and shows claims for relief, including a declaratory judgment under 28 U.S.C. §2201, as follows:

1. At all times pertinent hereto, the Plaintiffs were residents of the City of Milwaukee, Wisconsin, and therefore subject to the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

2. That Plaintiff FARMER is the executive director of the Original Black Panthers organization, whose purposes are to advance the civil rights of individuals; improve the community in the inner city of Milwaukee; improve the conditions for African Americans,

1

including ending discrimination; to assist individuals, including African Americans, economic problems with government officials, including members of the City of Milwaukee Police Department and members of the Common Council for the City of Milwaukee. Among other things, this organization seeks to question government officials involved in the City of Milwaukee, including elected Aldermen for the Common Council for the City of Milwaukee, as well as gain information from the Milwaukee Common Council with respect to the Aldermen's positions on matters that affect the civil rights of African Americans and others.

3. That Plaintiff GARRON is the executive director of the Brown Berets organization, whose purposes are to advance the civil rights of individuals; improve the community in the inner city of Milwaukee; improve the conditions for Hispanics, including ending discrimination; to assist individuals, including Hispanics, economic problems with government officials, including members of the City of Milwaukee Police Department and members of the Common Council for the City of Milwaukee. Among other things, this organization seeks to question government officials involved in the City of Milwaukee, including elected Aldermen for the Common Council for the City of Milwaukee, as well as gain information from the Milwaukee Common Council with respect to the Aldermen's positions on matters that affect the civil rights of Hispanics and others.

4. This Court has original jurisdiction over the parties and over the subject matter of this civil rights action under Title 42 USC § 1983, pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because the conduct giving rise to Plaintiff's claims occurred in this judicial district.

6. That the Defendant City of Milwaukee Police Officers, listed as parties herein and whose names are currently unknown, acted in their individual capacities as police officers employed by the City of Milwaukee, Wisconsin, and under color of state law, custom and usage, and in the course of their employment.

7. That on or about October 16, 2021 at approximately noon, Plaintiff FARMER and approximately 15-20 members of the Original Black Panthers and Plaintiff GARRON, with five other Brown Berets, appeared at an open Town Hall meeting to engage in questioning of Defendant Cavalier Johnson, President of the Common Council for the City of Milwaukee and Second District Alderman for said Council.

8. That there was a Town Hall meeting, established by Cavalier Johnson, as Common Council President for the City of Milwaukee Common Councel and Second District Alderman, acted in his individual capacity in the course of his employment, to establish a Town Hall meeting where any person, including the Plaintiffs and their respective organizations, could answer questions with respect to the working of government; address problems for the inner city, African Americans, Hispanics, and others; and address any service requests from said Defendant to improve relationships between the inner city residents and the government.

9. That the Town Hall meeting was held at Redemption Lutheran Church located at 5641 N. 68th Street in Milwaukee, Wisconsin 53218, and was called by said Defendant, Cavalier Johnson, for the purposes as set forth in the Notice marked as **Exhibit "A"** and incorporated into this Complaint by reference hereto.

10. That both Plaintiffs, individually and as Executive Directors of their respective organizations, sought to gain entry and to participate in said Town Hall meeting to voice their concerns and to listen to Defendant Johnson's proposals to remediate problems experienced by

3

minority groups, Latino and African Americans, living in the inner city of Milwaukee and experiencing extreme poverty, landlord/tenant problems, discrimination and mistreatment by some members of the City of Milwaukee Police Department.

11. That each of the Plaintiffs, with their respective groups present, sought to gain entry to the open Town Hall meeting and were denied entry and participation in said meeting by Defendant Cavalier Johnson, as well as the Pastor of Redemption Lutheran Church.

12. That upon asking several times to gain entry and participate in what is referred to as a "participatory democracy" protected by the 1st and 14th Amendments to the United States Constitution, Plaintiffs were repeatedly denied said entry and participation.

13. That a female City of Milwaukee police officer, whose name is unknown, in their course of her employment, indicated that they (Defendant Cavalier Johnson) "don't want you here" and a male City of Milwaukee police officer, whose name is also unknown, put his hand on his gun and ordered the Plaintiffs and their groups to vacate the premises and not participate in this community function.

14. That Plaintiff FARMER indicated that the meeting was a "community meeting" and that Plaintiff FARMER and Plaintiff GARRON had every right to take part in, ask questions of the government official, and to voice concerns about the treatment of inner city individuals in the City of Milwaukee, yet were repeatedly denied entrance and were ordered to remove themselves from the Church where the Town Hall meeting was being held.

15. That on or about November 5, 2021, Plaintiffs, through counsel Attorney Walter W. Stern III, wrote to Defendant Cavalier Johnson expressing concerns regarding the denial of entry to the Town Hall meeting. A copy of this letter is marked **Exhibit "B"** and incorporated into this Complaint by reference hereto.

16. That said Defendants JANE DOE and JIM ROE, together with Defendant Cavalier Johnson, in their individual capacity and during the course of their employments, denied entry or participation of said Plaintiffs and their groups in said Town Hall meeting.

17. That said denial of entry and participation is a denial of equal protection of the law pursuant to the 14th Amendment to the United States Constitution since both the Plaintiffs represented minorities in the inner city of Milwaukee, and both were well known to the Defendants in protecting the civil rights of inner-city residents.

18. That other individuals, who were not community organizations promoting civil rights for minorities, were permitted entry and participation in said Town Hall meeting.

19. That the denial of entry and participation in said Town Hall meeting is a violation of the 1st and 14th Amendments to the United States Constitution in that, particularly regarding government and government officials, the Plaintiffs had every right to express their opinions; to ask questions of government officials; and to make proposals to improve conditions for individuals in the inner city of Milwaukee.

20. That the City of Milwaukee, by custom, practice and usage, has engaged in the same or similar acts wherein the Plaintiffs' rights and their groups' rights were violated contrary to the equal protection of the 14th Amendment to the United States Constitution and the 1st and 14th Amendments to the New York Constitution because of:

21. That the Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §2201 by the Court entering an order finding that the Defendants, jointly and severally, denied equal protection of the law pursuant to the 14th Amendment to the United States Constitution and Freedom of Speech in petitioning government, contrary to the 1st and 14th Amendments to the United States Constitution.

22. That the Plaintiffs further seek a Consent Decree so that Defendant Cavalier Johnson, and other government officials, must permit the Plaintiffs to participate in any and all future public meetings scheduled to address governmental concerns.

23. That each and every Plaintiff suffered severe pain, anxiety and depression as a proximate cause of the Defendants' actions.

24. That with respect to the Defendant police officers, said officers enforced the removal of said Plaintiffs from the Church where the open Town Hall meeting was being held by demanding and using their police powers to deny their entry and participation in the open Town Hall meeting.

25. That with respect to the Defendant police officers, whose names are unknown, their conduct, in particular Defendant JIM ROE by putting his hand on his gun, was a reckless and/or malicious violation of equal protection under the 14th Amendment to the United States Constitution and denial of the 1st and 14th Amendments to the United States Constitution justifying an award of punitive and exemplary damages to be determined by the jury.

WHEREFORE, Plaintiffs ask the Court for the following relief:

a. Declaratory Judgment under 28 U.S.C. §2201;
b. Consent Decree to ensure that the rights of the Plaintiffs and their

respective groups are not denied in the future;

    c. Compensatory damages to each plaintiff in the amount to be determined by the jury;

d. That punitive damage be assessed in an amount to be determined by the jury;

e. Attorney's fees and litigation costs pursuant to 42 U.S.C. 1988; and

f. For any other further relief that the Court deems just and equitable.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated this 15th day of December, 2021

                                              By: *electronically signed by Walter W. Stern III*
ATTY. WALTER W. STERN, III
Bar No. 1014060
920 85th St., Suite 123
Kenosha WI 53143
Phone: (262) 880-0192/Fax: (262) 997-1101
Email: wwstern111@gmail.com

# EXHIBIT "A"

# IMPORTANT NOTICE - TOWN HALL MEETING

Dear Neighbor:

Please join Alderman Cavalier Johnson for a town hall meeting.

The date will be Saturday, October 16, 2021 and we will begin at 11:00 AM at Redemption Lutheran Church. The address is 5641 N. 68th Street, Milwaukee, WI 53218. Alderman Johnson will be joined by City of Milwaukee department representatives to answer any questions you may have and address any service requests.

I hope to see you there!

Sincerely,

**Cavalier Johnson**
Common Council President
2nd District Alderman



**CAVALIER JOHNSON**
COMMON COUNCIL PRESIDENT
2ND DISTRICT ALDERMAN
★ ★

